**KUNZ & COMPANY dba Kunz Outdoor Advertising, a California corporation, Plaintiff and Appellee,**

**v.**

**STATE of Utah, Utah Department of Transportation, Defendant and Appellant.**

No. 950186–CA.

Court of Appeals of Utah.

March 14, 1996.

Jan Graham and Ralph L. Finlayson, Salt Lake City, for Appellant.

D. Williams Ronnow and John J. Walton, St. George, for Appellee.

## OPINION

Before BILLINGS, JACKSON, and WILKINS, JJ.

WILKINS, Judge:

The Utah Department of Transportation (UDOT) appeals the district court's grant of summary judgment in favor of Kunz & Company. We reverse and remand.

## BACKGROUND

Thomas Eveleth owns real property adjacent to Interstate 15 in Washington County, near the Anderson Junction. In March 1986, Eveleth applied to the county for a zoning change, seeking to change the zoning of his property from "agricultural" to "highway commercial."

Prior to obtaining the zoning change, Eveleth entered into an agreement with Lundgren Outdoor Advertising (Lundgren) whereby Eveleth would lease his property to Lundgren for the purpose of placing and maintaining billboards on the property. In July 1987, Eveleth and Lundgren applied to UDOT for permits to construct three billboards on the property along I–15. Each application certified that "the sign is in full compliance with the [Outdoor Advertising] Act," and that Eveleth's property is zoned "commercial." In fact, the property was still zoned "agricultural" at the time. Nevertheless, UDOT granted the permits, and Lundgren proceeded to erect the three signs later that year.

In March 1988, UDOT notified Lundgren that the property was not zoned "commercial," as was claimed in the permit applications. Lundgren then notified Eveleth of this problem, and Eveleth took further steps to obtain the zoning change.

In August 1989, UDOT held a hearing on the matter to determine the legality of the signs pursuant to the Utah Outdoor Advertising Act (codified at that time at Utah Code Ann. §§ 27–12–136.1 to –136.13 (1989)). UDOT ruled that the three billboards violated sections 27–12–136.4, –136.9, and –136.3(3) because the billboards were located on property that was not zoned "commercial" nor could be deemed such for purposes of outdoor advertising. UDOT revoked the permits and ordered the signs' immediate removal.

Lundgren appealed the UDOT order to this court. However, in December 1989, during pendency of the appeal, Washington County rezoned Eveleth's property as "highway commercial." After UDOT informed this court of the changed circumstances, we remanded the case to UDOT in April 1990.

UDOT conducted further proceedings, which involved only the parties to the appeal, UDOT and Lundgren. Subsequently, in February 1993, UDOT issued a new order ruling that although Eveleth's property was now zoned "commercial," the rezoning was for the "primary purpose" of allowing outdoor advertising, thereby disqualifying the property for that use, pursuant to section 27–12–136.3(3) of the Utah Code.

UDOT sent the Order on Remand, which revoked the permits for the three signs and ordered their removal, to Lundgren and Eveleth. However, ownership of the signs had changed prior to the issuance of UDOT's final order. Two years earlier, in February 1991, Kunz & Company (Kunz) had purchased the billboards from Leonard & Company, a successor to Lundgren.

In September 1993, UDOT sent a letter to Kunz explaining the illegality of the signs and providing a copy of the UDOT Order on Remand. Nevertheless, Kunz did not take any steps to intervene or appeal that order.

Subsequently, in November of that year, the town of Toquerville annexed Eveleth's property and chose to retain the "highway commercial" zoning for the area. However, there is not now, nor has there ever been, any commercial development on the property other than the three billboards.

On January 18, 1994, Kunz applied for renewal permits for the signs. UDOT denied the application, and on February 16, Kunz filed an action for declaratory judgment in district court. Kunz sought a declaration from the trial court that "due to the annexation and rezoning of the subject property, the billboards are now in compliance with applicable state law, specifically ... the Utah Outdoor Advertising Act, and that re-

moval of the billboards is not warranted thereunder." The parties also agreed to have the trial court determine "the effect [on Kunz] (if any) of the UDOT District Five 'Order on Remand.'" Finally, Kunz sought permanent injunctive relief, enjoining UDOT and the State "from any removal of, or hindrance of Kunz's access to, the billboards."

During the course of the proceedings, UDOT filed a motion for summary judgment, and Kunz filed a cross-motion for summary judgment. In December 1994, the trial court denied UDOT's motion and granted Kunz's cross-motion. Specifically, the trial court held that Kunz is not bound by UDOT's Order on Remand and that the three signs comply with the provisions of the Outdoor Advertising Act. UDOT appeals.

## ANALYSIS

■ As is the case whenever we consider an appeal from a summary judgment, we review the trial court's legal conclusions, including its conclusion that the material facts are not disputed, for correctness. *See* Utah R.Civ.P. 56(c) (stating that summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"). This standard allows us to make our own conclusions and does not obligate us to defer to the trial court. *See State v. Pena,* 869 P.2d 932, 936 (Utah 1994).

### I. Application of Outdoor Advertising Act

Kunz specifically asked the trial court to declare that "the billboards, as presently situated on [Eveleth's] property, lie within a bona fide commercial zone not created or existing for the primary purpose of outdoor advertising," which would qualify the area for billboards under the Outdoor Advertising Act. *See* Utah Code Ann. § 27–12–136.4(1)(d) (1995). Pursuant to the Declaratory Judgment Act, "[a]ny person . . . affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." *Id.* § 78–33–2 (1992). Thus, the trial court in this case could properly decide the issue. *See id.* § 78–33–1.

The trial court concluded that the current zoning of Eveleth's land met the requirements of the Outdoor Advertising Act and thereby permitted the use of billboards on the property. In reaching this conclusion, the court specifically relied on the fact that Toquerville has zoned the area as "highway commercial." *See id.* § 27–12–136.4(1)(d) (1995) (permitting the use of outdoor advertising in a "commercial or industrial zone"). The court found this designation sufficient to fall within the statutory definition for such a zone as provided in the Outdoor Advertising Act.

Section 27–12–136.3(2)(a) defines "[c]ommercial or industrial zone," in the relevant part, as "those areas within the boundaries of cities or towns that are used or reserved for business, commerce, or trade, or zoned as a highway service zone, under enabling state legislation or comprehensive local zoning ordinances or regulations." *Id.* § 27–12–136.3(2)(a). In addition, a subsequent provision in the Act limits the definitions found in subsection (2) by establishing that " '[c]ommercial or industrial zone' does not mean areas zoned for the primary purpose of allowing outdoor advertising." *Id.* § 27–12–136.3(3).

The trial court construed the use of the term "reserved" in subsection (2)(a) to mean that the property does not actually need to have commercial development on it, but that it merely be zoned for that purpose. Thus, the court determined that the current zoning of Eveleth's land satisfied the statute, despite the fact that the three signs represent the only commercial development on the property. The trial court further concluded that the "exclusionary definition" in section 27–12–136.3(3) referred only "to the areas outside incorporated cities and towns."

■ While we agree that an area zoned for commercial or industrial use in a city or town need not actually have commercial development on it to satisfy the definition in section 27–12–136.3(2)(a), we conclude that such property may still be excluded from use for outdoor advertising if the zoning violates section 27–12–136.3(3). The trial court erred in deciding that this latter provision applied

only to areas outside of incorporated cities and towns.

In enacting section 27–12–136.3(3), the legislature must have contemplated that local zoning bodies might attempt to generate immediate revenue from lands adjacent to highways by rezoning such lands to allow outdoor advertising. However, allowing outdoor advertising in areas without other businesses or highway services in the vicinity would violate essential purposes of the Outdoor Advertising Act—enacted in part to promote the "convenience and enjoyment of public travel, to protect the public investment in such highways, to preserve the natural scenic beauty of lands bordering on such highways, and to ensure that information in the specific interest of the traveling public is presented safely and effectively." *Id.* § 27–12–136.2. Accordingly, if a zoning body designates specific land as "commercial" for the *primary* purpose of allowing outdoor advertising on that land, then section 27–12–136.3(3) prohibits the use of billboards on the land regardless of whether or not the zoning body also intends to "reserve" the land for other commercial use.

■ Furthermore, in determining the primary purpose behind a particular zoning decision, the fact finder can and should consider all relevant evidence, not just the stated purpose of the zoning body or local government. This would include evidence of actual land use or any evidence that the zoning body merely perpetuated a prior zoning designation. Inasmuch as Kunz and UDOT have presented conflicting evidence as to Toquerville's primary purpose behind the zoning of Eveleth's land, we conclude that a genuine issue of material fact exists. We therefore reverse and remand for trial to allow the fact finder to determine the primary purpose for the zoning decision.

## II. Effect of Order on Remand

UDOT argued before the trial court that UDOT's Final Order on Remand, issued in February 1993, constitutes an enforceable order against Kunz and has res judicata effect on the issues of this case. In light of these arguments, Kunz and UDOT agreed to have the trial court decide what effect, if any, the

Order on Remand has on Kunz and this case. The trial court ruled that because Kunz was not a party to the previous UDOT proceedings and did not receive adequate legal notice of those proceedings, Kunz was not bound by the Order on Remand.

■ Nevertheless, the trial court failed to recognize the significance of the fact that one of Kunz's predecessors in interest, Lundgren, was a party to those proceedings. Res judicata applies to the same parties *and to their privies or assignees. D'Aston v. Aston,* 844 P.2d 345, 350 (Utah App.1992). As a privy to, and subsequent assignee of, Lundgren's interests in the billboards, Kunz is bound by the UDOT Order on Remand to the same extent as Lundgren. The trial court erred in ruling otherwise.

■ Kunz proposes that we adopt the test set forth in the Second Restatement of Judgments, which provides various exceptions to the applicability of res judicata to a successor of a property interest when that property is the subject of a pending litigation to which the transferor of the interest, rather than the successor, is a party. *See* Restatement (Second) of Judgments § 44 (1982). Utah has not adopted the Restatement test, and we decline to do so now.

■ Even so, the Order on Remand is res judicata only " 'as to those issues which were either tried and determined, or upon all issues which the party had a fair opportunity to present and have determined in the other proceeding.' " *D'Aston,* 844 P.2d at 350 (quoting *Throckmorton v. Throckmorton,* 767 P.2d 121, 123 (Utah App.1988)). Kunz is therefore bound by the prior adjudication that Washington County's zoning of Eveleth's land was for the primary purpose of allowing outdoor advertising. However, this action involves a different set of facts, which have not been adjudicated: Whether *Toquerville's* zoning, rather than Washington County's zoning, was for the primary purpose of allowing outdoor advertising. Toquerville's annexation and zoning of Eveleth's land occurred nearly eight months after UDOT issued its Order on Remand. Accordingly, the trial court was correct to the extent it con-

cluded that the Order on Remand was not binding on this particular issue.

### III. Further Relief Sought by Kunz

As part of its declaratory action, Kunz also sought an order declaring the billboards to be in compliance with state law, declaring them exempt from any removal requirements, and granting permanent injunctive relief to prevent UDOT and the State from removing the signs. Under the Declaratory Judgment Act, a party may seek any further relief that is necessary or proper in light of the declaratory judgment issued by the trial court. Utah Code Ann. § 78–33–8 (1992). Nevertheless, the trial court cannot grant the relief asked for in this case.

■ Regardless of whether the signs are found to be located in a valid commercial or industrial zone, the signs are still illegal and subject to removal, because Kunz has not obtained valid permits for the signs. *See id.* § 27–12–136.7(1)(a) (1995) ("Outdoor advertising may not be maintained without a current permit."); *id.* § 27–12–136.9(1)(b) ("*Outdoor advertising is unlawful when . . . a permit is not obtained as required by this chapter.*").

■ In January 1994, Kunz applied to UDOT for renewal permits for the three billboards. When UDOT denied the applications, Kunz did not exhaust its administrative remedies, but instead filed this declaratory action in district court. Kunz claims that exhaustion of remedies is not required in this case because the state legislature has provided that "[t]he district courts shall have jurisdiction to review by trial de novo all final orders of the Department of Transportation under this section resulting from formal and informal adjudicative proceedings." *Id.* § 27–12–136.9(4)(a).

However, Kunz's argument that section 27–12–136.9 allows Kunz to proceed directly to district court for the relief sought is disingenuous. First, this section does not relieve Kunz from exhausting its administrative remedies. *See id.* § 63–46b–14(2) (1993) ("A party may seek judicial review only after exhausting all administrative remedies available, except" under circumstances not appli-

cable to this case.). Furthermore, the UDOT order denying the permits is not a final order *under this section*, nor is Kunz seeking review of that order in this action. *See id.* § 27–12–136.9(4)(a) (1995). Most importantly, the UDOT order denying the permits is not a final order *resulting from formal and informal adjudicative proceedings* as required under this section. *See id.*

Once UDOT denied Kunz's applications for new permits, Kunz should have requested further agency action, seeking adjudicative proceedings to determine whether the permits should have been granted in light of Toquerville's annexation and rezoning of Eveleth's property. *See* Utah Code Admin.P. R907–1–3(B)(3) (indicating how adjudicative processes may be petitioned for by persons outside UDOT). UDOT's administrative rules specifically provide for adjudicative proceedings pursuant to the Outdoor Advertising Act. *Id.* R907–1–1(A)(2). Such proceedings would commence informally and convert to formal proceedings if necessary. *See id.* R907–1–1(A), –5(F), & –15(B). Indeed, Administrative Rule 907–1–15(B) specifically establishes:

> No final order is issued in the informal phase if there is a timely objection and request for hearing made. If such a timely objection and request for hearing is made, the matter is treated as a contested case which is processed as a formal proceeding before the Director. Such right to have the matter be contested and processed "formally" is an available and adequate administrative remedy and should be exercised prior to seeking judicial review.

Nevertheless, Kunz chose not to exhaust its administrative remedies following UDOT's denial of the new permits. Before Kunz could claim on appeal that UDOT erred in denying the permits, UDOT should have had the opportunity to correct the alleged error. *See Mountain Fuel Supply Co. v. Public Serv. Comm'n,* 861 P.2d 414, 423–24 (Utah 1993) (recognizing that the correction principle underpins the doctrine of exhaustion of administrative remedies); *see also Maverik Country Stores v. Industrial Comm'n,* 860 P.2d 944, 947 (Utah App.1993) ("The basic purpose underlying the doctrine . . . 'is to

allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies.'" (quoting *Parisi v. Davidson*, 405 U.S. 34, 37, 92 S.Ct. 815, 818, 31 L.Ed.2d 17 (1972))).

 Because Kunz did not exhaust its administrative remedies with regard to the sign permits, neither the trial court nor this court has jurisdiction to reverse, alter, or otherwise circumvent that particular agency action. *See Maverik Country Stores*, 860 P.2d at 947–48; *see also* Utah Code Ann. § 63–46b–1(8) (Supp.1995) ("Nothing in this chapter may be interpreted to provide an independent basis for jurisdiction to review final agency action.") Accordingly, the trial court cannot order UDOT to grant the permits. Without the permits, the billboards are illegal, and the trial court is without jurisdiction to change the signs' legal status and grant the further relief requested by Kunz in its declaratory action. *See* Utah Code Ann. § 78–33–8 (1992) ("Further relief based on a declaratory judgment or decree may be granted when necessary or proper. The application therefor shall be by petition to a court *having jurisdiction to grant the relief.*" (emphasis added)).

### CONCLUSION

The trial court erred in concluding that section 27–12–136.3(3) applies only to areas outside incorporated cities and towns. Outdoor advertising is prohibited in any location zoned for the "primary purpose of allowing outdoor advertising." Because Kunz and UDOT have presented conflicting evidence regarding Toquerville's primary purpose behind its zoning of Eveleth's land, we reverse the grant of summary judgment and remand for a trial on that issue.

The trial court also erred in concluding that the UDOT Order on Remand has no binding effect on Kunz. Nevertheless, res judicata does not bar adjudication of the new issue presented in this action.

Finally, the trial court is without jurisdiction to declare the billboards to be in complete compliance with the Outdoor Advertis-

ing Act because Kunz did not exhaust its administrative remedies following UDOT's denial of the new sign permits. The trial court cannot exempt the billboards from removal requirements or grant the injunctive relief requested in this action.

Reversed and remanded.

BILLINGS and JACKSON, JJ., concur.