**KUNZ & COMPANY dba Kunz Outdoor Advertising, a California corporation, Plaintiff and Appellee,**

v.

**STATE of Utah, DEPARTMENT OF TRANSPORTATION, Defendant and Appellant.**

**No. 970216–CA.**

Court of Appeals of Utah.

Nov. 28, 1997.

Jan Graham and Ralph L. Finlayson, Salt Lake City, for Defendant and Appellant.

D. William Ronnow and John J. Walton, Salt Lake City, for Plaintiff and Appellee.

Before WILKINS, Associate P.J., and BILLINGS and GREENWOOD, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

The Utah Department of Transportation (UDOT) appeals the trial court's adverse declaratory judgment concluding that the prohibition contained in the Outdoor Advertising Act, under Utah Code Ann. §§ 27–12–136.2, –136.3(3) (1995 & Supp.1997), does not apply to the facts of this case. We affirm.

## BACKGROUND

This matter has been before us previously. *See Kunz & Co. v. Utah Dep't of Transp.*, 913 P.2d 765 (Utah Ct.App.1996) (*Kunz I*). A more complete statement of the facts giving rise to this dispute is contained in *Kunz I. See id.* at 767–68. The relevant facts on this appeal are as follows: Kunz's predecessors in interest applied to UDOT for permits to erect three outdoor advertising billboards on a particular piece of property running alongside Interstate Highway 15 (I–15) and now located within the city limits of Toquerville, Utah. When the original permits were sought, the property was not zoned "commercial" by Washington County, which then

had zoning authority. UDOT granted the permits, but then later revoked them when it discovered the improper zoning. Kunz's predecessors appealed UDOT's decision to revoke the permits and, at the same time, sought a zoning change from the county. Because the county rezoned the property as commercial, we remanded the matter to UDOT for administrative proceedings necessitated by the zoning change.

UDOT concluded that the zoning change had been for the primary purpose of allowing outdoor advertising, thereby disqualifying the property for that use under the Outdoor Advertising Act, Utah Code Ann. §§ 27–12–136.1 to –136.16 (1995 & Supp.1997). UDOT revoked the permits for the three signs and ordered the signs removed. Kunz failed to pursue its administrative remedies.

Thereafter, the town of Toquerville annexed the property and retained the "highway commercial" zoning for the disputed location. Kunz sought to "renew" the previously revoked sign permits, insisting the signs complied with the law. UDOT disagreed and insisted the signs be removed. Kunz then asked the district court to declare that the signs were legally in place and order an injunction preventing UDOT from removing the signs.

The trial court, on cross-motions for summary judgment, concluded that Kunz was not bound by UDOT's final order, which revoked the permits and directed that the signs be removed. The court also concluded the signs complied with the Outdoor Advertising Act. UDOT appealed, and, in *Kunz I*, we reversed on most issues and remanded on one. We held that the final order revoking the permits issued to Kunz's predecessors in interest was binding on Kunz as successor in interest, that Kunz had failed to pursue its administrative remedies after notification of the UDOT order and was therefore bound by its terms as final, and that the signs were illegal and subject to removal because Kunz had not obtained valid permits from UDOT as required by law. *See Kunz I*, 913 P.2d at 771.

On the narrow issue of whether Toquerville's zoning of the property as "highway commercial" constituted zoning for the "primary purpose of allowing outdoor advertis-ing"—which would make any such outdoor advertising illegal under the Outdoor Advertising Act, we remanded to the trial court for a hearing on contested fact issues relating to Toquerville's purpose in zoning the land "commercial." As directed, the trial court held an evidentiary hearing and entered detailed findings of fact and conclusions of law. On remand, the court ultimately concluded that the designation of the property as a "highway commercial" zone was not for the primary purpose of allowing outdoor advertising. UDOT appeals again.

## ISSUES AND STANDARD OF REVIEW

UDOT raises four points on appeal. First, UDOT challenges the trial court's finding of fact number ten as being contrary to the evidence. Second, UDOT asserts the trial court erred in not adequately considering certain factual circumstances related to the case, specifically those this court had previously directed be considered and others UDOT regards as relevant. Third, UDOT argues that we should declare the disputed location as "unlawful for new signs" based on Utah Administrative Code R933–2–3(4) (1994). Finally, UDOT contends the trial court erred in "disregarding as unworkable" the provisions of Utah Code Ann. § 27–12–136.3(3) (Supp.1997).

We treat UDOT's challenge to finding of fact number ten, and to the adequacy of the trial court's consideration of factual circumstances, as questions of fact, which we review under a clearly erroneous standard. *See Alta Indus. Ltd. v. Hurst*, 846 P.2d 1282, 1286 (Utah 1993). As such, UDOT must marshal all the evidence supporting the court's findings and then show that even viewing the evidence and inferences in a light most favorable to the decision, the marshaled evidence is legally insufficient to support those findings. *See id.*

We treat UDOT's challenge to the trial court's "failure" to declare the ground in question forever "unlawful for new signs," and its alleged disregard of section 27–12–136.3(3), as questions of law, which we review for correctness, giving no deference to the

determinations of the trial court. *See State v. Pena,* 869 P.2d 932, 936 (Utah 1994).

## ANALYSIS

### 1. Findings of Fact

We turn first to UDOT's challenge to the trial court's finding of fact number ten and to its review of the facts on remand. In *Kunz I,* we reversed the summary judgment in favor of Kunz and remanded for trial "to allow the fact finder to determine the primary purpose for the zoning decision" by which Toquerville zoned the land as highway commercial. *Kunz I,* 913 P.2d at 769. In doing so, we stated that

in determining the primary purpose behind a particular zoning decision, the fact finder can and should consider all relevant evidence, not just the stated purpose of the zoning body or local government. This would include evidence of actual land use or any evidence that the zoning body merely perpetuated a prior zoning designation.

*Id.*

The trial court heard extensive testimony from the public officials most intimately involved in the zoning decision, including the mayor at the time of the decision, the planning commission chairman, and the town engineer. The court carefully reviewed the documents by which the zoning was effectuated, including the town's zoning ordinance. The trial court noted that the ordinance, while zoning the disputed land as highway commercial, also required a conditional use permit for outdoor advertising signs and limited those signs to sizes smaller than those previously erected by Kunz and its predecessors in interest. Based on this evidence, finding number ten stated: "Due to the fact that the placement of outdoor advertising signs within the Eveleth property after Toquerville annexed and zoned the subject property could only be done by conditional use permit, the Court cannot find that the primary purpose of the zoning was to allow outdoor advertising signage."

In challenging this finding, UDOT correctly notes that no conditional use permits were issued to Kunz by Toquerville for the signs, but misunderstands the trial court's reference to conditional use permits. UDOT alleges the trial court incorrectly concluded that conditional use permits had been issued to Kunz, when in fact they had not. In reality, the court simply noted that conditional use permits are *required* for signs in the zoned area, and, therefore, the commercial zoning clearly was not created for the *primary* purpose of facilitating billboards.

In addition, UDOT does not direct us to any proffered relevant evidence, regarding Toquerville's zoning decision, that the trial court rejected. Furthermore, UDOT has not marshaled all the evidence in support of this finding, nor has it shown that this finding is clearly erroneous. We therefore accept the court's findings of fact as written.

UDOT also argues that the trial court failed to hear and consider all the appropriate evidence in making its findings of fact, thus rendering its findings clearly erroneous. However, the trial court was presented with evidence regarding the actual use of the land, testimony of the process by which Toquerville arrived at its zoning plan for the area, the affect of the existing county zoning for the same property, the involvement of Kunz and its predecessors in the process, and the potential for tax revenues. In fact, UDOT's brief refers to testimony taken during the trial on each of these issues. The evidence was presented to the trial court as we directed. Based on that evidence, the trial court made its findings of fact. We see no reason to reject those findings as clearly erroneous.

### 2. Declaration that Ground Is Unlawful for Signs

■ UDOT also asks us to declare that erection of outdoor advertising signs on the ground in question is unlawful. As support for this interesting proposition, UDOT contends that an agency rule, adopted after this dispute began, now clearly prevents the future erection of signs at this location. Therefore, UDOT asserts that we "can write on a clean slate and finally end this odyssey without further remand" to the trial court. While closing this seemingly endless case is a tempting possibility, we are bound by the

notion that appellate courts generally only address issues properly presented for review.

■ UDOT points out that it did ask the trial court to accept R933–2–3(4)(1996),[1] of the Utah Administrative Code, as authority for the same proposition: that the purpose in zoning the land as highway commercial was no longer relevant, because the department's regulation would prohibit signs anyway. However, the trial court, correctly we note, limited itself to the single issue before it on remand pursuant to *Kunz I* and did not accept the invitation to stray into other areas of possible concern.

We, too, decline the invitation. In *Kunz I,* we said that "an area zoned for commercial or industrial use in a city or town need not actually have commercial development on it to satisfy the definition in section 27–12–136.3(2)(a)," although if designated commercial or industrial for the primary purpose of allowing outdoor advertising, section 27–12–136.3(3) acts to prohibit such signs. *Kunz I,* 913 P.2d at 768. We also held that the primary purpose for which zoning is accomplished is the critical factor and that determining such purpose is clearly a fact issue to be resolved by the trier of fact. *See id.* For that reason, this case was returned to the trial court. The trial court patiently listened to the evidence offered by both parties and arrived at findings of fact that resolve this issue. We are not at liberty to overrule our prior holding, *see State v. Thurman,* 846 P.2d 1256, 1269 (Utah 1993) (discussing doctrine of stare decisis), nor are we so inclined.

### 3. Application of Section 27–12–136.3(3)

UDOT asks us to reverse the trial court's judgment on the basis that the trial court "disregarded as unworkable" the provisions of section 27–12–136.3(3).[2] In support of this quest, UDOT quotes from the musings of the trial judge when delivering his oral findings and conclusions to the parties:

I observe parenthetically that the legislative use within 27–12–136.3 sub 3 of the phrase "primary purpose of allowing outdoor advertising" probably does not accomplish the intent—the announced intent of the act or give any kind of reasonable framework within which courts may determine issues of these kinds.

I would suspect that it would be a rare case if the Court could find evidence that the primary purpose was to build billboards.

Despite the trial court's expression of concern about the practical effect of the statutory requirement, we conclude that the trial court not only did exactly what we asked on remand, but that it correctly applied the provisions of section 27–12–136.3(3) and determined that the area was not zoned for the "sole purpose of allowing outdoor advertising." It is the province of the legislative branch of government to craft the language of our statutes. They have done so in this case with fair clarity. The statute in question says, in essence, that billboards may be erected in a commercial or industrial zone, unless the primary purpose of creating the zone was to allow billboards. The legislature has given counties, cities, and towns the responsibility and power to make those zoning decisions. The citizens of those jurisdictions are in the best position to observe, object to, and reform those decisions as the need arises. In the case of Toquerville's highway commercial zone, the trial court found that the zoning decision was made for reasons other than merely allowing billboards. UDOT has not successfully challenged those findings, and based upon them, the letter and spirit of section 27–12–136.3(3) has been observed by the trial court.

### CONCLUSION

We are not persuaded that the trial court's findings of fact made on remand are clearly erroneous or that they are the result of

---

1. Utah Code Admin. P. R933–2–3(4) (1996) provides: "'Areas zoned for the primary purpose of outdoor advertising,' as used in Subsection 27–12–136.3(3) of the Act, is defined to include areas in which the primary activity is outdoor advertising."

2. Section 27–12–136.3(3) provides: "'Commercial or industrial zone' does not mean areas zoned for the sole purpose of allowing outdoor advertising." Utah Code Ann. § 27–12–136.3(3) (Supp.1997).

failing to accept all relevant offered evidence as suggested in our remand. Given the trial court's limited directive, the trial court would have erred if it declared the area in question to be forever barred from consideration as a lawful location for outdoor advertising based on the agency's rule, adopted after this dispute began. In addition, we find no error in the trial court's application of the provisions of section 27–12–136.3(3).

Affirmed.

BILLINGS and GREENWOOD, JJ., concur.