2014 UT App 178

**SPANISH FORK CITY, Plaintiff and Appellee,**

v.

**Evans GRADER and Paving, Inc., Defendant and Appellant.**

**No. 20130396–CA.**

Court of Appeals of Utah.

July 31, 2014.

Steve K. Gordon, for Appellant.

S. Junior Baker, for Appellee.

Judge GREGORY K. ORME authored this Memorandum Decision, in which Judges MICHELE M. CHRISTIANSEN and JOHN A. PEARCE concurred.

Memorandum Decision

ORME, Judge:

¶ 1 Evans Grader and Paving, Inc. (Evans) appeals the district court's order granting Spanish Fork City's (the City) motion for summary judgment and ordering removal of Evans's outdoor advertising signs.[1] We affirm.

¶ 2 "We review a summary judgment determination for correctness, granting no deference to the [district] court's legal conclusions." *Salt Lake County v. Holliday Water Co.*, 2010 UT 45, ¶ 14, 234 P.3d 1105 (alteration in original) (citation and internal quotation marks omitted). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c).

¶ 3 When the City moved for summary judgment, it supported its motion with the sworn affidavit of the City's planning director. Once the City had satisfied its burden of informing the trial court of the basis for the motion, Evans, if it wished to controvert the City's version of the facts, could not simply "rest upon the mere allegations or denials of the pleadings," but was required to respond with depositions, answers to interrogatories, or its own affidavits, setting "forth specific facts showing that there [was] a genuine issue for trial." *Id.* R. 56(e). Evans failed to oppose the factual aspects of the motion in a manner consistent with rule 56(e) and therefore did not show that there was any genuine issue of material *fact* that would preclude summary judgment. *See id.* ("Summary judgment, if appropriate, shall be en-

tered against a party failing to file [a proper] response."). The remaining question is whether, given the undisputed facts, the City demonstrated its entitlement to judgment as a matter of law.

¶ 4 According to the City's uncontroverted affidavit, the City has two application forms for obtaining a permit to build an outdoor sign. One application is for billboards, and one is for on-premises signs. *See* Utah Code Ann. § 10-9a-103(3) (LexisNexis Supp. 2013)[2] (defining billboard as "a freestanding ground sign located on industrial, commercial, or residential property if the sign is designed or intended to direct attention to a business, product, or service that is not sold, offered, or existing on the property where the sign is located"). When Evans applied for a billboard permit, the City's billboard permit application explicitly stated that approval from the Utah Department of Transportation (UDOT) was also required. The City issued Evans a billboard permit, but the permit was transmitted with a letter noting that the City's approval was subject to UDOT's approval. The letter concluded, "Construction of the billboards shall not commence until the City has been provided with an approval letter from UDOT."[3] From all that appears in our record, Evans did not contest this procedure but dutifully sought the necessary permit from UDOT. UDOT subsequently denied Evans's application. The City commenced this litigation when Evans constructed the signs without UDOT's approval, which approval was required by the City.

¶ 5 Evans contends that because it ended up using the billboards only for on-premises

---

1. Evans also appeals the district court's denial of Evans's motion to dismiss for failure to state a claim and its motion to reconsider. However, in light of our conclusion that the district court properly granted summary judgment, we also necessarily conclude that these motions were properly denied.

2. Because the provisions in effect at the relevant time do not differ in any way material to our analysis from the statutory provisions now in effect, we cite the current edition of the Utah Code Annotated as a convenience to the reader.

3. Evans maintains that by issuing a permit with knowledge that Evans had not yet obtained UDOT approval, the City waived the requirement

that UDOT approve the billboards. However, the City's clear direction that "[c]onstruction of the billboards shall not commence" without UDOT approval refutes Evans's contention that the City waived the requirement of UDOT approval by issuing the permit on a conditional basis. "To constitute waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it. [And] ... the intent to relinquish a right must be distinct." *Soter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n*, 857 P.2d 935, 942 (Utah 1993) (citation and internal quotation marks omitted).

advertising, it did not need UDOT approval after all because UDOT does not regulate on-premises signage. *See* Utah Code Ann. § 72–7–504(1)(c) (LexisNexis Supp.2013) (excluding from regulation under the Utah Outdoor Advertising Act "signs advertising activities conducted on the property where they are located"). But regardless of whether Evans's signs were used for on-premises or off-premises advertising, "the signs are still illegal and subject to removal" because Evans has not obtained the necessary permits for the signs. *See Kunz & Co. v. State of Utah*, 913 P.2d 765, 770 (Utah Ct.App.1996).

¶ 6 The Utah Code provides that "[o]utdoor advertising may not be maintained without a current permit." Utah Code Ann. § 72–7–507(1)(a) (LexisNexis 2009). Similarly, the City's municipal code states that, subject to certain exceptions, "[b]uilding and sign permits shall be obtained prior to erecting, placing, constructing or altering any sign." Spanish Fork City Municipal Code § 5.36.090 (2013)[4] Evans applied for a municipal permit to erect a billboard but never obtained the proper permit from UDOT and consequently never had authorization from the City to begin construction on its signs. Evans also never applied for a municipal permit to construct an on-premises sign. Had it done so, the most it would have received would have been authorization to erect a monument sign not exceeding six feet in height. Evans, then, lacked either type of permit—a UDOT permit to erect a billboard or a municipal permit to erect a monument sign. As matters stand,[5] Evans's signs are therefore illegal and are subject to removal.

¶ 7 Affirmed.

---

4. The Spanish Fork City Municipal Code has been updated, but because the relevant provisions in effect at the time do not differ in any way material to our analysis from those now in effect, we cite to the current version of the municipal code as a convenience to the reader.

5. We were advised at oral argument that Evans continues to pursue UDOT's approval of the signs, through an appeal process or otherwise.

We assume—and the City conceded at oral argument—that if that approval is forthcoming, the City's condition will be satisfied and the signs may remain.

