Filed 1/6/16  Stearn v. County of San Bernardino CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FREDERIC ELTON STEARN et al., | |
| Plaintiffs and Appellants, | E060417 |
| v. | (Super.Ct.No. SCVSS142797) |
| COUNTY OF SAN BERNARDINO, | OPINION |
| Defendant and Respondent; | |
| GENERAL OUTDOOR ADVERTISING, | |
| Real Party in Interest and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Sabine & Morrison, Randal R. Morrison for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Gary S. Mobley for Real Party in Interest and Respondent.

1

Law Office of Pamela Lawton Wilson and Pamela Lawton Wilson; Rogers Towers, William D. Brinton for Scenic America, Inc., as Amicus Curiae on behalf of Plaintiffs and Appellants.

Plaintiff Frederic Stearn (Stearn) opposed rezoning by the San Bernardino County Board of Supervisors (County), of certain remote desert property along the Interstate 15 and 40 freeways, and granting General Outdoor Advertising's (Outdoor) applications for conditional use permits (CUPs) to erect billboards along those highways. Stearn filed an action in the superior court alleging several causes of action, including a cause of action for administrative mandamus to invalidate the billboard approvals, and a cause of action for declaratory and injunctive relief, to declare the billboards illegal structures and to force their removal. The trial court denied the petition for mandate, then granted Outdoor's motion for judgment on the pleadings as to the declaratory and injunctive relief causes of action, and denied plaintiff's motions for discovery and for summary judgment. Plaintiff appealed.

On appeal, plaintiff argues that the trial court erroneously denied the petition for writ of administrative mandamus, the cause of action for declaratory and injunctive relief, and plaintiff's motion for discovery.[1] We affirm.

---

[1] In his reply brief, plaintiff asserted that the County had defaulted by failing to file a timely brief. However, Outdoor agreed to defend, indemnify, and hold the County harmless against any claim, action, or proceeding filed against the County to attack, set aside, void, or annul all or any part of the Project or related development approvals.

2

Beginning in 1999, Outdoor applied for rezoning and CUPs to erect 20 signs along Interstate 15 and Interstate 40. After thorough evaluation of Outdoor's submissions, it was determined that six of the proposed signs did not meet criteria under both the County Development Code and the Business and Professions Code, so Outdoor withdrew those applications. The relevant codes require that billboards be located with 1,000 feet of an established commercial use, and there must be 750 feet between signs.

Because the county's Development Code only allows billboards on two land use districts—General Commercial and Highway Commercial—Outdoor's project included proposed general plan amendments to rezone the properties for use as Highway Commercial. The county notified 77 property owners, and received three letters in opposition to the project, all of which expressed concern about the aesthetic impacts of the project and potential violation of the Highway Beautification Act.

Outdoor, with input from the affected communities, formulated an Income Sharing Program, by which it would dedicate a portion of the profits generated by the billboards directly to the communities. Outdoor also agreed that the billboards would not contain any sexually explicit copy, and would not be used to advertise brands of alcoholic beverages, or tobacco products. Outdoor also agreed that four of the billboard faces would be reserved to promote the communities and their services for free for three years. Outdoor then circulated a petition which garnered support from the community in support of the project. In the meantime, three independent studies were undertaken pursuant to the California Environmental Quality Act (CEQA), which determined that the project

would not have any adverse impacts that would remain potentially significant with appropriate mitigation measures.

On September 28, 2006, the planning commission issued a notice of determination on Outdoor's proposed project. The notice indicated that the county had determined the project will not have a significant effect on the environment, a negative declaration had been prepared for the project pursuant to CEQA, mitigation measures had been made a condition of approval, and that the findings were made pursuant to CEQA.

The planning commission found that the general plan amendment was in the public interest, that there would be a community benefit, and other existing and permitted uses would not be compromised because the proposed change to Highway Commercial allows for commercial opportunities in areas currently lacking such development. It further found that the general plan land use district amendment was consistent with the goals and policies of the general plan by providing a harmonious arrangement of land uses that would generate sufficient tax revenues, encouraged balanced commercial developments that were capable of strengthening the local economy, and provided suitable locations for retail and service commercial establishments intended to meet the daily convenience needs of the traveling public.

The commission recommended that the County adopt the mitigated negative declaration and the general plan amendment, approve the CUPs and file the notice of determination. Public hearings were conducted, and testimony was adduced. Plaintiff and two others opposed the project, but there were several witnesses in favor of the proposal. In addition to in person testimony, there was substantial correspondence from

4

the affected communities, with three letters in opposition, in addition to plaintiff's own opposition, countered by overwhelming support for the project from the Newberry Springs Community Services District, Property Owner's Association, Property Owners' Board of Directors, the Chamber of Commerce, Fire Department, Senior Services Association, Southern California Fish Farmers Association, Silver Valley Gun Club, and Daggett Community Services District, in addition to 520 individual signatures on a petition supporting the project.

At the conclusion of the public hearing relating to the project, the commission voted unanimously to approve it.  The County conditionally approved the project on September 12, 2006, to be effective on October 12, 2006.  If the conditions were not completed, and the use of the land had not taken place within 36 months of the date of the conditional approval, the CUPs would become null and void.

On October 11, 2006, plaintiff filed suit to challenge the CUPs and rezoning approvals, alleging causes of action declaratory relief, injunctive relief, and violation of the Outdoor Advertising Act.  (Bus. & Prof. Code, §§ 5200, et seq.; *Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 438.[2])  Plaintiff amended the complaint adding causes of action for traditional mandate and administrative mandamus.  (*Stearn v. County of San Bernardino, supra,* at p. 438.)  On March 15, 2007, the court sustained Outdoor's demurrer to the first three causes of action (declaratory relief, injunctive relief, and traditional mandate) on the ground that the land use decisions of a governmental

_____

[2] We refer to our previous opinion for relevant procedural information not otherwise found in the appellate record.

agency can only be reviewed by administrative mandate pursuant to Code of Civil Procedure, section 1094.5.  (*Stearn v. County of San Bernardino,* at p. 439.)  The trial court also dismissed the fourth cause of action for administrative mandate on the ground it was barred by the 21-day statute of limitations found in Code of Civil Procedure section 1094.8.  (*Stearn v. County of San Bernardino,* at p. 439.)

Plaintiff appealed, and this court reversed the dismissal of the fourth cause of action for administrative mandate on January 5, 2009, concluding that the expedited review provided by statute was available only when the license applicant or the issuing public agency filed an action challenging the grant or denial of a license for expressive conduct, not when a third party such as the property owner did so.  (*Stearn v. County of San Bernardino, supra,* 170 Cal.App.4th at pp. 442-443.)  In the meantime, the California Department of Transportation (Caltrans) granted billboard permits to Outdoor.

On remand, plaintiff sought leave to file a second amended complaint asserting additional claims in light of the Court of Appeal's decision, which was granted on June 6, 2011.  Plaintiff no longer asserted the first cause of action for declaratory relief, the second cause of action for injunctive relief, or the third cause of action for traditional mandate.  However, plaintiff added an amended fourth cause of action for administrative mandate pursuant to Code of Civil Procedure section 1094.5, to invalidate the billboard approvals, and added a fifth cause of action for declaratory and injunctive relief, to compel removal of the billboards as illegal structures.

6

In addition, plaintiff filed a motion for order allowing discovery and for judicial notice of the court's own files. The trial court denied plaintiff's motion for discovery, but did agree to take judicial notice of documents in the court file.

On May 24, 2013, the court heard arguments on the petition for writ of administrative mandate. On June 18, 2013, the trial court denied the petition finding that the administrative record convinced it that the agency's actions were part of a comprehensive zoning amendment, and did not constitute "phony zoning" to provide for outdoor advertising.

On August 26, 2013, Outdoor filed a motion for judgment on the pleadings as to the fifth cause of action for declaratory and injunctive relief. The same day, plaintiff filed a motion for summary judgment as to the same cause of action. On October 21, 2013, the court granted Outdoor's motion for judgment on the pleadings, on the ground that when the mandamus claim was decided, the case was over. On that same date, the court denied plaintiff's motion for summary judgment because the moving party failed to comply with Code of Civil Procedure, section 437c, subdivision (b).

Plaintiff appealed.

DISCUSSION

1. *Mandate Was Properly Denied Where There Is Substantial Evidence to Support the Agency Decision, Rendering Declaratory and Injunctive Relief Moot.*

Plaintiff argues that the rezoning action violated the California Outdoor Advertising Act, Business and Professions Code, section 5200 et seq. and the Federal Highway Beautification Act, 23 U.S.C. section 131. Pointing to a declaration submitted

7

in support of his motion for summary judgment in which an individual expressed the view that the billboards, which were installed after the relevant planning board decision, were illegal, he asserts the County's action amounted to a wholesale rezoning of pristine desert, and "phony zoning" for billboard purposes. We disagree.

The exclusive remedy for judicial review of administrative action affecting land use is a proceeding under Code of Civil Procedure, section 1094.5. (*SP Star Enterprises, Inc. v. City of Los Angeles* (2009) 173 Cal.App.4th 459, 469.) A trial court may issue a writ of administrative mandate where an agency has (1) acted in excess of its jurisdiction; (2) deprived the petitioner of a fair hearing; or (3) committed a prejudicial abuse of discretion. (Code Civ. Proc., § 1094.5, subd. (b).) Abuse of discretion is established if the agency has not proceeded in a manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. (Code Civ. Proc., § 1094.5, subd. (b); *Mohilef v. Janovici* (1996) 51 Cal.App.4th 267, 305.)

On appeal, we review the administrative decision to determine if it is supported by substantial evidence. (*SP Star Enterprises v. City of Los Angeles, supra,* 173 Cal.App.4th at p. 469; *Goat Hill Tavern v. City of Costa Mesa* (1992) 6 Cal.App.4th 1519, 1525-1526.) Under the substantial evidence test, the agency's findings are presumed to be supported by the administrative record and that the appellant challenging them has the burden to show they are not. (*SP Star Enterprises, supra*; *JKH Enterprises, Inc. v. Department of Industrial Relations* (2006) 142 Cal.App.4th 1046, 1062.) We resolve all evidentiary conflicts in the agency's favor and indulge all legitimate and reasonable

inferences to uphold the agency's finding.  (*Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1114.)

This court's task is not to weigh conflicting evidence to determine who had the better argument, or whether an opposite conclusion would have been equally or more reasonable.  (*Berkeley Hillside Preservation, supra,* 60 Cal. 4th at pp. 1114-1115, citing *Laurel Heights Improvement Assn. v. Regents of the University of California* (1988) 47 Cal.3d 376, 393.)  When more than one inference can be reasonably deduced from the facts, we cannot substitute our deductions for those of the superior court.  (*SP Star Enterprises, supra,* 173 Cal.App.4th at p. 469.)

Regarding plaintiff's claim that the County's action violated the Outdoor Advertising Act, Business and Professions Code, section 5350, prohibits the placement of any billboard within the areas affected by the Act, without first securing a permit from Caltrans.  (*Traverso ex rel. Dept. of Transp.* (1996) 46 Cal.App.4th 1197, 1204.)  CalTrans is the designated state agency responsible for administering and enforcing the Act.  (Bus. & Prof. Code, §§ 5250, 5254.)  An advertising display erected in compliance with state laws and local ordinances at the time of their erection are lawfully erected.  (Bus. & Prof. Code, § 5216.1; *West Washington Properties v. Dept. of Transp.* (2012) 210 Cal.App.4th 1136, 1144.)  The existence of a Caltrans permit thus creates a rebuttable presumption that the billboards were lawful.  (Bus. & Prof. Code, § 5216.1.)  The lack of permits may rebut the presumption of lawful erection if Caltrans establishes a

permit was required for the display and none was sought or issued.[3] (*West Washington Properties, supra,* 210 Cal.App.4th at p. 1145.)

In the present case, a permit was issued by Caltrans, raising the presumption that the erection of the billboards was in compliance with state law and local ordinances. This compels the conclusion that the billboards did not violate the 23 U.S.C., section 131, the Highway Beautification Act, in the absence of affirmative evidence to rebut that presumption. (Evid. Code, §§ 604, 606.) Subdivision (a) of that section expresses congressional purpose that the erection and maintenance of outdoor advertising signs in areas adjacent to the interstate system of highways promote the safety and recreational value of public travel, and preserve natural beauty.

In ruling on plaintiff's administrative mandate petition, the trial court found substantial evidence supported the agency decision, and that plaintiff's argument that the rezoning was contrary to law was not supported by the record. The trial court's ruling was based on the agency findings that the action allowed for commercial opportunities in areas currently lacking such development, it promoted the general plan by providing a harmonious arrangement of land uses that would generate sufficient tax revenues,

---

[3] As Gene K. Fong, Division Administrator for the U.S. Department of Transportation, advised plaintiff by letter dated April 13, 2006, if the County rezoned the areas in question after consideration of the public hearing proceedings and take other actions to provide local permits for billboards, applications for sign permits would need to be submitted to Caltrans for consideration. "Should the State determine that the intent of the rezoning was to circumvent the COAA [California Outdoor Advertising Act] and HBA [Highway Beautification Act] for the purposes of erecting outdoor advertising signs in controlled areas, the State should deny the application consistent with 23 CFR 750.708(b)." In other words, CalTrans review is considered as a second layer of review.

encouraged balanced commercial developments that were capable of strengthening the local economy, and provided suitable locations for retail and service commercial establishments intended to meet the daily convenience needs of the traveling public.

Plaintiff has not pointed to any evidence to contradict or undermine these findings and thus has not demonstrated that the action of the planning commission and the County in adopting the general plan amendment to rezone the affected property as Highway Commercial is not supported by substantial evidence.

We now turn to the Highway Beautification Act claim. Subdivision (d) of section 131 provides that "[t]he States shall have full authority under their own zoning laws to zone areas for commercial or industrial purposes, and the actions of the States in this regard will be accepted for the purposes of this Act. Whenever a bona fide State, county, or local zoning authority has made a determination of customary use, such determination will be accepted in lieu of controls by agreement in the zoned commercial and industrial areas within the geographical jurisdiction of such authority." The Highway Beautification Act clearly contemplates that the states will achieve compliance through their inherent powers of zoning and condemnation. (23 U.S.C. § 131(d)-(g).)

California complies with the Highway Beautification Act through its Outdoor Advertising Act. (Bus. & Prof. Code, §5200 et seq.) This act explicitly recognizes that outdoor advertising is a legitimate commercial use of property adjacent to roads and highways and provides that such advertising "should be allowed to exist in business areas." (Bus. & Prof. Code, §5226, subd. (b); *People ex rel. Dep't of Transportation v. Naegele Outdoor Advertising Co.*(1985) 38 Cal.3d 509, 516.) The act then provides for

11

restrictions upon outdoor advertising pursuant to the Highway Beautification Act. (*People ex rel. Dep't of Transportation v. Naegele Outdoor Advertising Co., supra.*)

At oral argument, plaintiff and amicus argued that the rezoning and CUPs violated federal regulations promulgated pursuant to the Highway Beautification Act. (23 CFR §750.708(b).) That regulation acknowledges that signs may be erected and maintained within 660 feet of the nearest edge of the right-of-way within areas zoned industrial or commercial under authority of State law (23 CFR §750.708(a)), but provides that action which is not part of comprehensive zoning and is created primarily to permit outdoor advertising structures is not recognized as zoning for outdoor advertising control purposes. (23 CFR § 750.708(b).) Based on this regulation, and the fact that Outdoor initiated the zoning action by seeking permits for billboards, plaintiff concludes the sole purpose of the zoning action by the County was to permit billboards in violation of the Highway Beautification Act.

This is not necessarily so. We agree that site approval and "spot zoning," granted solely to permit billboards, run afoul of federal regulations, because the zoning must have independent validity. (*United Outdoor Advertising Co. v. Business, Transp. & Housing Agency* (1988) 44 Cal.3d 242, 248 (*United Outdoor*).) However, area zoned for commercial or industrial use in a city or town need not actually have commercial development on it to satisfy the statutory definition of "commercial or industrial zone." (*Kunz & Co. v. State* (UT Ct.App., 1996) 913 P.2d 765, 768 (*Kunz I*); see also, *Kunz & Co. v. State* (UT Ct.App. 1997) 949 P.2d 763, 767 (*Kunz II*).) The primary purpose for

12

which zoning is accomplished is the critical factor and determining such purpose is a fact issue to be resolved by the trier of fact. (*Kunz I,* at p. 768; *Kunz II*, at p. 767.)

Here, notwithstanding plaintiff's opposition to the rezoning action, no evidence was presented to support the assertion that the primary purpose of the rezoning was to accommodate the erection of billboards. To the contrary, in addition to the CUP to Outdoor, the planning commission approved CUPs to an existing antique store and an existing impound yard, so as to permit those commercial activities to continue in areas then lacking appropriate designation. Subsequently, CalTrans granted permits, finding no violation of the Code.

Plaintiff has not demonstrated that any of these findings lack evidentiary support. Nevertheless, plaintiff argues the County's action resulted in "wholesale rezoning of pristine desert to allow billboards." Plaintiff and amicus curiae rely heavily on the holding of *United Outdoor, supra,* 44 Cal.3d 242. In that case, the plaintiff advertiser sought and obtained "site approval" to erect billboards in an area zoned for "Desert Living." The California Supreme Court reversed an order granting plaintiff's mandamus petition for issuance of permits to erect the billboards because the parcels affected were not in an area "zoned . . . [primarily] to permit commercial or industrial activities" within the meaning of Business and Professions Code, section 5205. (*Id.,* at pp. 249-250.)

At oral argument, both plaintiff and amicus curiae acknowledged that *United Outdoor* did not involve a zoning question. Instead, the plaintiff in *United Outdoor* circumvented the designated zoning issue by applying for "site approval," which the Supreme Court concluded was "no substitute for the deliberate implementation of the

13

general plan, following community input, that zoning by the legislative branch of a local government represents." (*United Outdoor, supra,* 44 Cal.3d at p. 250.)

Here, the local government adopted a general plan, and the County determined that the proposed rezoning of the affected parcels would promote that plan. The holding of *United Outdoor* is therefore inapposite to this case. The entire record shows there was no "phony" or "sham" zoning. Instead, the County determined that rezoning would promote commercial development in underserved areas of the county. While Outdoor sought the zone change to allow for billboards, that was not the County's primary purpose in approving it.

We have independently reviewed the administrative record and have determined that the County's findings supporting the adoption of the zoning amendment to the general plan and issuance of the CUPs were supported by substantial evidence. The fact that plaintiff and others disagreed with the findings and determinations does not demonstrate a lack of sufficient evidence. Under the substantial evidence test, we do not reweigh the evidence. (*Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga* (2009) 175 Cal.App.4th 1306, 1328.) Disagreement with other agencies, or among individuals, or even among experts, does not constitute grounds for reversal for insufficient evidence. (*Save Cuyama Valley v. County of Santa Barbara* (2013) 213 Cal.App.4th 1059, 1069; *California Native Plant Society v. City of Rancho Cordova* (2009) 172 Cal.App.4th 603, 626.)

The planning commission recommended that the County adopt the general plan amendment, approve the CUPs, and approve the tentative parcel map with a major

14

variance. The County adopted the recommendations when it approved the project on September 12, 2006. In approving the project, the County determined that (1) the project will not have a significant effect on the environment; (2) a negative declaration was prepared for the project pursuant to the provisions of CEQA; (3) mitigation measures were made a condition of the approval of the project; (4) a statement of overriding considerations was not adopted for this project; and (5) findings were made pursuant to the provisions of CEQA.

The amendment to the general plan and CUPs also resolves all questions relating to whether the billboards and their locations were lawful, because the amended general plan permitted the approved billboards. As a consequence, the trial court determined that the resolution of the administrative mandate petition ended the action. We agree with the lower court's conclusion. As such, the fifth cause of action for declaratory relief (seeking a judicial declaration that any billboards were illegal structures) and injunctive relief (seeking mandatory removal of the billboards), was rendered moot.

There is substantial evidence to support the judgment on the administrative mandate and declaratory/injunctive relief causes of action.

2.      *Plaintiff Was Not Entitled to Discovery*

Plaintiff also argues that the trial court wrongfully denied discovery. We disagree.

In an action for administrative mandamus, an order compelling discovery must rest upon a showing such discovery is reasonably calculated to lead to evidence admissible under Code of Civil Procedure section 1094.5, subdivision (e). This section limits the admission of evidence in addition to the administrative record to relevant

15

evidence, which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing. (See *Fairfield v. Superior Court of Solano County* (1975) 14 Cal.3d 768, 774-775.)

An administrative mandamus action reviews the administrative record which should contain all evidence the parties consider necessary to the resolution of the contested issues. (*Fairfield v. Superior Court of Solano County, supra,* 14 Cal.3d at p. 774, fn. 6.) Because Code of Civil Procedure section 1094.5, subdivision (e) limits the admission of evidence in administrative mandamus proceedings, it necessarily restricts the scope of discovery in such actions. (*Stardust Mobile Estates, LLC v. City of San Buenaventura* (2007) 147 Cal.App.4th 1170, 1190.)

Discovery statutes vest wide discretion in the trial court, and the exercise of that discretion will be disturbed only when it can be said there has been an abuse of discretion. (*Cadiz Land Co. v. Rail Cycle* (2000) 83 Cal.App.4th 74, 117.) Under the abuse of discretion standard, the trial court's ruling will be sustained on review unless it falls outside the bounds of reason. (*Ibid.*; see also, *Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881.)

Before filing his second amended complaint, plaintiff filed the motion for discovery on the ground it was warranted to reach the potential issue of agency misconduct in rezoning the areas in question, and in granting the CUPs, related to its intended inclusion of causes of action for declaratory relief and injunctive relief. The precise matters sought to be discovered were whether the County—and one supervisor in particular—illegally issued CUPs.

16

However, the second amended complaint alleges that the particular supervisor engaged in wrongdoing in his capacity as county assessor, a position to which he was allegedly elected in 2006. It did not allege he engaged in misconduct while serving on the board of supervisors, and did not allege any other supervisor was engaged in misconduct in issuing CUPs. Further, none of the members of the board of supervisors were named, so there is no showing that the particular supervisor was in any way involved in the decision, or that any improper activity led to the board's decision.

Finally, the County was unanimous in approving the zoning amendments and issuing the CUPs. Under no theory would discovery of one supervisor's corrupt activities, while he was not serving on the board of supervisors, be calculated to lead to the discovery of admissible evidence. There was no abuse of discretion.

### DISPOSITION

The judgment is affirmed. Respondent General Outdoor Advertising is entitled to costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

KING

J.

CODRINGTON

J.

17